# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KENDALL MARTIN, #196919**                                             **PETITIONER**

**versus**                                                     **NO. 3:18cv680-DPJ-RHW**

**JOE ERRINGTON, SUPERINTENDENT**                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the Court are [1] the October 1, 2018 Petition for Writ of Habeas Corpus filed by Kendall Martin pursuant to 28 U.S.C. § 2254; [11] the February 19, 2019 response to the petition by Respondent Joe Errington; Martin's motion for summary judgment [18] filed March 11, 2019; and Errington's March 15, 2019 response in opposition to the summary judgment motion. After reviewing and considering the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that both Martin's motion for summary judgment and his petition for federal habeas relief should be denied.

### Facts and Procedural History

On March 27, 2013 around 4:55 p.m., Sheriff's Deputy Jason Johns[1] was driving east on I-20 in Rankin County when saw a Chevrolet SUV ahead of him cross over the right lane fog line. Deputy Johns pulled alongside the SUV to ascertain how many people were in it and whether the driver was wearing a seatbelt, then dropped back behind the vehicle. When he saw the SUV again hit the fog line, "or get real close" to it, Johns initiated a traffic stop. Kendall Martin was the driver and sole occupant of the SUV. When Johns approached the passenger side of the SUV, he smelled an overwhelming odor of air fresheners and a faint odor of marijuana

---

[1] Johns is assigned to a specialized drug task force with the County, and is also a 16-year employee of Flowood Police Department where he is a Sergeant. [12-2, pp. 125-126] He briefly worked with U.S. Customs and is a cross-designated U.S. Customs Officer. [12-2, p. 142]

coming from the car. Martin told Johns he had been visiting a cousin in Texas and had just rented the SUV that day to return home to Montgomery, Alabama. After having Martin get out of the car, Johns requested and received consent to search the vehicle, which led to the discovery of a duffel bag in the back containing 9.9 pounds of marijuana. [12-2, pp. 127-153], [12-3, pp. 1-5] Johns called a Rankin County investigator and Martin was arrested for possession with intent to distribute marijuana. He was released on bond March 28, 2013. [12-1, pp. 13-14]

A mistake in the original indictment on the charge led to its being *nolle prosequi*, and on June 5, 2014, Martin was re-indicted in Rankin County for possession of more than one kilogram of marijuana with intent to distribute; the indictment charged him as both a subsequent drug offender and habitual offender under Mississippi law. He waived arraignment June 23, 2014 and the trial court entered a scheduling order which both Martin and his attorney, Ben Robinson, signed. [12-1, pp. 10-11, 15-17], [12-4, pp. 14-15] Following hearings on November 17, 2014, February 17, 2015, and immediately before trial, the case was tried on March 4, 2015. Deputy Johns and forensic scientist Chris Wise of the Mississippi Crime Laboratory were the only witnesses at trial, and tangible evidence introduced included the marijuana and the deputy's dash camera footage. The jury found Martin guilty of possession of more than one kilogram of marijuana with intent to distribute. [12-1, pp. 94, 98-99] By order of April 13, 2015 the trial court sentenced Martin to serve 60 years in custody of the Mississippi Department of Corrections as a subsequent drug offender and as a habitual offender. [12-1, pp. 111-112] Martin is presently serving that sentence at South Mississippi Correctional Institute. Martin appealed his conviction and sentence, represented by different counsel.[2]

---

[2] Martin first retained Thomas Rumfelt, who was relieved on April 21, 2014, before return of the June 2014 indictment. Court-appointed public defender Matt Baldridge and Ben Robinson represented him pretrial and at trial. Martin criticized Baldridge in late 2014, but did not seek his removal. Todd Coker represented him at sentencing, post-trial, and on direct appeal. [12-7, p. 23], [12-1, pp. 19-21, 101-113]

On appeal, Martin argued the trial court erred in (1) denying his motion to suppress the evidence because the initial stop by Deputy Johns was without probable cause or reasonable suspicion, (2) the stop was unreasonably extended to allow the search in violation of his Fourth Amendment rights, and (3) his sentence was unlawful because the state failed to prove he was a habitual offender under Miss. Code Ann. § 99-19-81.  The Mississippi Supreme Court found no error in the trial court's holding probable cause established by the officer's personally observing Martin cross the fog line and smelling marijuana, and found the video did not contradict the officer's testimony.  The appellate court found the officer had probable cause to search the vehicle as soon as he smelled marijuana, so the stop was not unconstitutionally extended.  Finally, the court held the habitual offender sentence was proper under the statute and on the evidence submitted by the State consisting of certified judgments of Martin's prior convictions for four separate felonies.  *Martin v. State*, 240 So.3d 1047 (Miss. 2017), *reh'g denied* Oct. 19, 2017.  The United States Supreme Court denied *certiorari* May 29, 2018.  [11-2].

On May 21, 2018, Martin filed in the state supreme court a *pro se* application for leave to proceed in the trial court with a post-conviction motion claiming ineffective assistance of trial and appellate counsel based on allegations that the attorneys failed to investigate the "smell" from the vacuum sealed bags of marijuana -- Martin contends the marijuana was so well-packaged that the narcotics deputy could not have smelled it.  [12-7]  The state supreme court denied Martin's application on August 29, 2018.  [11-2], [11-3]

Martin filed the instant petition for federal habeas relief on October 1, 2018, asserting three grounds: that the trial court erred in overruling his motion to suppress the evidence and in holding that he was a habitual offender, and that he received ineffective assistance of counsel pretrial, at trial, post-trial and on appeal because the attorneys failed to pursue or present his

"only possible defense" -- that the officer lied about smelling marijuana because it could not be smelled as packaged.

Law and Analysis

Respondent argues Martin's Fourth Amendment challenge in Ground One is precluded from habeas review by this Court pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), which holds:

> … where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Id*., 428 U.S. at 494 (footnotes omitted). "This preclusion on federal courts to grant habeas relief based on a fourth amendment violation acts as a bar to such relief "absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986) (citing *Stone*, 428 U.S. at 494). The burden is on the petitioner to plead and prove he was denied a full and fair hearing in state court. *Id*., 803 F.2d 1372.

The record in this case shows Martin filed pretrial motions to suppress the evidence by attorney Baldridge on November 17, 2014 and *pro se* on February 17, 2015, urging exclusion of the marijuana on grounds that there was no reasonable suspicion to justify the traffic stop or to extend the stop and search the vehicle. Plaintiff's *pro se* motion also argued that dash-cam video would contradict Officer Johns' testimony, but did not suggest that the officer could not have smelled the marijuana because of the way it was packaged. [12-1, pp. 32-36, 62-70] The trial court heard the motion(s) to suppress on February 17, 2015, receiving testimony from Johns and a DVD of the dash cam footage. Martin elected not to testify. [12-2, pp. 16-44] The trial court heard additional arguments on March 4, 2015, and based on the officer's testimony and the DVD, the court found probable cause for the stop and search and denied the motions to suppress.

[12-2, pp. 48-52]  At trial, Martin's attorney urged in opening statement that the arrest resulted from profiling; that there was no evidence that Martin put the marijuana in the car or knew it was there; and stated that the marijuana would be in the courtroom, that it is sealed in plastic bags and jurors should ask themselves if they would be able to smell it.  [12-2, pp. 121-124].  Counsel's cross-examination of the officer regarding the reason for the stop focuses on profiling and urges the camera footage supports that defense.  [12-2, , p. 152], [12-3, pp 3, 19]

Martin's post-trial attorney Coker re-urged the Fourth Amendment arguments in his motion for JNOV/new trial and amended motion for JNOV/new trial.  [12-1, pp. 105, 117]  Although the amended motion also charged trial counsel was ineffective, that assertion was not based on any failure to pursue the "smell" defense.[3]  Following hearing on the amended motion on November 9, 2015, including testimony from trial counsel Baldridge, the trial court denied JNOV/new trial.  [12-1, pp. 134-135]  Coker also assigned as error on appeal the trial court's denial of the motion to suppress the evidence, again arguing the initial stop by Deputy Johns was without probable cause or reasonable suspicion and the stop was unreasonably extended in violation of Martin's Fourth Amendment rights.  The Mississippi Supreme Court addressed the issue at length and found no error in the trial court's denying the motion to suppress.  *Martin*, 240 So.3d at 1050-55.  Because the record establishes that the state court provided Martin an opportunity for full and fair hearing on his Fourth Amendment claim, the undersigned finds *Stone v. Powell* bars this Court from considering that claim in these proceedings.  *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002); *Swicegood v. State of Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

---

[3]The grounds urged in the motion were that trial counsel failed to communicate the state's plea offers or Martin's counteroffers, failed to pursue certain motions *in limine*, to request hearing on specific issues regarding probable cause to arrest, or to object to use of certain evidence.  [12-1, p. 116]

Grounds Two (illegal sentence) and Three (ineffective assistance of counsel) were reviewed by the state's highest court on direct appeal or on application for post-conviction relief, and denied on the merits. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241, *et seq.*, provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254. The reviewing court defers to, and presumes correct, the state court's factual findings unless Petitioner proves otherwise by clear and convincing evidence. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007); 28 U.S.C. § 2254(e)(1); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Subsection (d)(1) applies to questions of law and mixed questions of fact and law such as those presented in the instant case. *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999), *reh'g denied* April 28, 2000. Federal habeas relief is not available unless this Court finds the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law. Clearly established Federal law is that which exists at the time of the last state court decision on the merits of the claim. *Williams v. Taylor*, 529 U.S. 362, 412 (2000) (§ 2254

"places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court"); *Greene v. Fisher*, 565 U.S. 34, 40 (2011).  A state court decision is contrary to federal law if it applies a rule different from the governing law set forth in United States Supreme Court decisions or if it reflects a conclusion opposite to one reached by the U.S. Supreme Court on a set of materially indistinguishable facts.  *Williams*, 529 U.S. at 407-412; *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court decision unreasonably applies federal law if it correctly identifies the governing law but applies it unreasonably to the facts of the case; this must be an objectively unreasonable application of federal law, not merely an erroneous or incorrect application. *Williams*, 529 U.S. at 407-408.  *See also Ramdass v. Angelone*, 530 U.S. 156, 157 (2000); *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008); *Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).  As the Court stated in *Schriro v. Landrigan*, 550 U.S. at 473, "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable -- a substantially higher threshold."  *See also Renico v. Lett*, 559 U.S. 766, 773 (2010).

In Ground Two, Martin contends he was improperly sentenced as a habitual offender under Miss. Code Ann. § 99-19-81, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Martin argued in state court that because the sentences on his four prior felony convictions were served concurrently, they are not "separate terms" as required by the statute.  The Mississippi

Supreme Court found no merit in the issue, noting that the statute requires that one be sentenced to separate terms, not that the sentences be served separately. *Martin*, 240 So.3d at 1055. Martin urges the same arguments before this Court, seeking federal habeas relief on grounds that Mississippi state courts have erroneously interpreted Mississippi law. "A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved." *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981); *see also*, *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. … A federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States.") This Court does not "sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). The undersigned finds nothing contrary to clearly established federal law, nor any unreasonable application of clearly established federal law with respect to the state court's holding Martin a habitual offender under state law, and sentencing him as such.

In Ground Three, Martin claims his attorneys provided ineffective assistance for failing to focus on whether Deputy Johns could smell the marijuana in his car, which Martin contends was his only real defense. A prisoner's claim of ineffective assistance of counsel is governed by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a prisoner to show (1) deficient performance, *i.e.*, that counsel's performance fell below an objective standard of reasonableness, *and* (2) prejudice, *i.e.*, that but for counsel's errors the result of the proceeding would have been different, or that counsel's performance rendered the result of the

proceeding fundamentally unfair or unreliable. *Id.*, at 687-694; *Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1998); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). The prisoner must satisfy both prongs of the test. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Judicial scrutiny of an attorney's performance is highly deferential, requiring the court to "make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of the counsel's perspective at the time.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). All circumstances are considered in determining whether the performance was reasonable under prevailing professional standards, and there is a strong presumption that counsel has exercised reasonable professional judgment. *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir. 1986); *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). One claiming ineffective assistance of counsel "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. Deficient performance is not assumed merely because the court may disagree with trial counsel's strategy. *Id.* Even a professionally unreasonable error by counsel does not warrant setting aside the judgment in the criminal proceeding if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986).

While the undersigned is of the opinion that Martin has failed to make the required showing on either prong of *Strickland*, the issue before this Court is narrower under § 2254. As the Court stated in *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004):

> It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made the showing required under *Strickland* ]. Instead, the test is whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland* ), for succeeding on his [ineffective assistance of counsel] claim.

*See also*, *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (doubly deferential judicial review applies to a *Strickland* claim evaluated under § 2254(d)(1)).

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.,* at 689, 104 S.Ct. 2052; *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles,* 556 U.S., at 123. … Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011). Martin therefore had the burden to overcome any reasonable argument supporting the state court decision, regardless of whether the state court explained its decision. *Id.*, at 98. Under the doubly deferential review standard of federal habeas claims of ineffective assistance of counsel, this Court must afford "both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, 136 S.Ct. 1149, 1151 (2016).

As his motion for summary judgment reflects, Martin's ineffective assistance claim against his various lawyers is premised on their alleged failure to investigate and present "his only possible defense" -- that the packaged marijuana could not be smelled, therefore Deputy Johns lied about smelling marijuana, therefore there was no probable cause to extend the stop and search the car. Martin states he made each of his attorneys "aware of the dead bang winner that the vacuum sealed bags of marijuana couldn't be detect (*sic*) by smell." [17, p. 5] In essence, he argues his attorneys' failure to focus on this point rendered their respective performances deficient and the result of the proceeding, unreliable or fundamentally unfair, because had they done so, the trial court would have suppressed the evidence. Such speculation fails to satisfy Martin's burden on either the motion or his habeas petition. Counsel's decisions regarding which defenses to present, argue or emphasize are a matter of trial strategy; "the

failure to present a particular line of argument or evidence is presumed to have been the result of strategic choice." *Taylor v. Maggio*, 727 F.2d 341, 347 (5th Cir. 1984). "Informed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Lamb v. Johnson,* 179 F.3d 352, 358 (5th Cir.), *cert. denied,* 528 U.S. 1013 (1999); see also *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993) ("Given the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices.").

As discussed above, Deputy Johns' testimony at the suppression hearing as well as at trial was that when he approached Martin's car he smelled an overwhelming odor of air fresheners as well as an odor of marijuana, which in his experience indicated the probable presence of drugs. Martin's trial counsel, in opening statement, stated that Johns' stopping the Martin car resulted from profiling; pointed out that no evidence would show Martin put the marijuana in the car; and told the jurors the marijuana was sealed in plastic bags, that it would be brought into the courtroom (and it was), and they should ask themselves if they would be able to smell it. [12-2, pp. 121-124]. Having observed the jurors' reaction to his opening statement, counsel decided to emphasize the profiling defense. That strategic choice is not to be second-guessed by this Court. The undersigned finds Martin has failed to overcome the double deference accorded to the state court's decision rejecting his ineffective assistance claim; he has failed to prove the state decision was contrary to or involved an unreasonable application of *Strickland*.

## **RECOMMENDATION**

Based upon the record and applicable law, the undersigned recommends that Martin's summary judgment motion [17] be denied and his federal habeas petition, dismissed.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file with the Clerk written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. The opposing party must file responses to objections within seven days after service or give notice that he does not intend to respond. Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 12th day of December 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE