UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDALL MARTIN                                                                    PETITIONER

V.                                                    CIVIL ACTION NO. 3:18-CV-680-DPJ-RHW

JOE ERRINGTON, SUPERINTENDENT                                      RESPONDENT

ORDER

Petitioner Kendall Martin seeks a writ of habeas corpus and has moved for summary

judgment on his petition. Magistrate Judge Robert H. Walker recommended that Martin's

summary-judgment motion and habeas petition be denied. R&R [21] at 1. For the following

reasons, the Court agrees with and adopts the Report and Recommendation.

I.       Background

Martin did not object to the facts as reflected in the R&R, so the Court will only briefly

recount those that are relevant here. While driving in Rankin County, Mississippi, in March

2013, Martin was stopped by Sheriff's Deputy Jason Johns. Deputy Johns testified that when he

approached Martin's car, he smelled marijuana and therefore asked Martin additional questions.

When Deputy Johns searched the vehicle, he found approximately ten pounds of marijuana in

vacuum sealed bags.

After a denied motion to suppress, Martin was convicted in state court of possession of

more than one kilogram of marijuana with intent to distribute. The State put on two witnesses at

trial: Deputy Johns and Chris Wise, a Mississippi Crime Lab scientist. The marijuana seized

from Martin's car was entered into evidence, as was Deputy Johns's dashcam video. Martin was

sentenced to 60-years imprisonment under Mississippi's habitual-offender statute. The

Mississippi Supreme Court affirmed his conviction on appeal and denied his application for post-

conviction relief.

In his habeas petition, Martin raised three grounds for relief: (1) the trial court erred in overruling his suppression motion; (2) the trial court erred in finding that he was a habitual offender; and (3) he received ineffective assistance of counsel. Judge Walker addressed and rejected each ground in his R&R. Martin filed objections, and Defendant Joe Errington filed a notice of intent not to respond.

II.    Analysis

This Court agrees with Judge Walker's R&R. It will, however, address a few of the more prominent issues, some of which Martin raised for the first time in his objections.

A.    Unexhausted Claim

In his objections, Martin seems to suggest that the trial court erred when it allowed the prosecution to offer two unsealed bags of marijuana during the suppression hearing and at trial. Objs. [24] at 3. According to Martin, if only the sealed bags had been offered, then it would have been clear that Deputy Johns lied when he testified that he could smell the marijuana in the car. Martin has consistently argued that he took great care in sealing the drugs and the vacuum-sealed bags had no odor. *See id.* at 10, 13.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* The admission-of-evidence issue was never presented to the Mississippi Supreme Court.[1] *See* Martin Br. [1-1]; Martin Suppl. Br. [1-3]; Mot.

---

[1] Although Martin raised the admission issue in his motion for judgment notwithstanding the verdict, this is not sufficient to satisfy the exhaustion requirement. *Whitehead*, 157 F.3d at 387.

for Reh'g [1-2].  As a result, this claim is presently barred for failure to exhaust.  28 U.S.C.

§ 2254(b)(1).

B.     New Issues in Objections

Even if he had exhausted the trial court's alleged error in allowing admission of the open

bags, Martin failed to raise that issue in his habeas petition or his summary-judgment motion.

*See* Pet. [1]; Mot. [17].  He likewise failed to assert prosecutorial misconduct in his habeas

petition, although he at least hinted at it when seeking post-conviction relief in state court.  *See*

PCR [1-2] at 33.

"[I]ssues raised for the first time in objections to the report of a magistrate judge are not

properly before the district judge."  *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *see*

*also Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) ("Omran's equal-protection claim

will not be considered because it was raised for the first time in his objections to the magistrate

judge's report and recommendation.").

C.     Ineffective Assistance of Counsel

Martin devotes most of his objections to Ground Three of his Petition—ineffective

assistance of counsel.  He argues primarily that trial counsel was ineffective for failing to object

when the State introduced the two unsealed bags that reeked of marijuana.  Objs. [24] at 17.  It is

not entirely clear whether Martin means at the hearing or at trial.

To begin, it is questionable whether Martin squarely asserted this claim in his habeas

petition or adequately raised it before Judge Walker.  To be sure, Martin asserted an ineffective-

assistance-of-counsel claim in his habeas petition and summary-judgment motion.  Pet. [1] at 8;

Mot. [17] at 4–7.  In each, he argued that his trial attorney "failed to pursue and present [his]

only possible defense"—that the marijuana was in vacuum-sealed bags at the time of the stop

and could not emit any smell. Pet. [1] at 8; Mot. [17] at 5. As Judge Walker observed, trial

counsel did pursue that issue. R&R [21] at 10. But it does not appear that Martin more

specifically argued that counsel was ineffective because he failed to object when the unsealed

bags of marijuana were admitted. Martin should have directly asserted this argument before

Judge Walker entered his R&R. *See Finley*, 243 F.3d at 219 n.3.

Martin's habeas petition does, however, cite his state-court petition for post-conviction

relief, and in that brief, he asserted that "my trial counsel didn't object to the vacuum sealed bags

of marijuana being presented *to the jury* with two (2) open bags." PCR [1-2] at 33 (emphasis

added). Assuming this embedded citation is enough under liberal construction to present the

issue here, Martin says counsel should have kept the evidence from the jury; he does not argue

that his trial attorney failed to object at the suppression hearing. *Id.* Thus, to the extent he now

makes this claim as to the suppression hearing, he failed to exhaust it in state court. *See* 28

U.S.C. § 2254(b)(1).

Regarding the failure to object at trial, Martin did exhaust that claim, but it still fails. The

Mississippi Supreme Court summarily rejected Martin's petition for post-conviction relief that

included this issue. *See* Aug. 29, 2018 Order [1-4] at 1. Although that court did not explain its

reasons, "[w]hen a federal claim has been presented to a state court and the state court has denied

relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562

U.S. 86, 99 (2011). This presumption can be rebutted, *id.*, but Martin has not done so.

Because there was an adjudication on the merits, the standard is as follows:

Federal habeas relief may not be granted for claims subject to § 2254(d) unless it
is shown that the earlier state court's decision "was contrary to" federal law then
clearly established in the holdings of [the United States Supreme Court] . . . or
that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it

"was based on an unreasonable determination of the facts" in light of the record before the state court . . . .

*Id.* at 785. And when, as here, the state court adjudicates an ineffective-assistance-of-counsel claim on the merits, federal habeas review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied" *Strickland v. Washington*, 466 U.S. 558 (1984). *Premo v. Moore*, 562 U.S. 115, 123 (2011) (observing that "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult").

Martin has not made that difficult showing. By the time the unsealed bags of marijuana were admitted at trial, the trial court had already denied Martin's motion to suppress. Probable-cause findings are a question of law for the court. *United States v. Ho*, 94 F.3d 932, 936 (5th Cir. 1996). Martin has not shown that there exists no reasonable explanation supporting the Mississippi Supreme Court's holding.

Martin also faults counsel for not questioning Chris Wise, the lab technician, about the smell of the bags before he opened them in the crime lab. Objs. [24] at 19–20. Wise did not testify at the suppression hearing. *See* Tr. [12-2] at 11. But Martin says his attorney should have asked him the following question at trial: "[B]efore you literally busted the seal on [the sealed bags] could you 'smell' the enclosed substance[?]" Objs. [24] at 20. And he says the failure to ask this question reflects insufficient investigation.

Martin raised this issue in a similar way in his state-court petition for post-conviction relief, stating, "I asked my attorneys to investigate the vacuum sealed bags and to question all witnesses in the 'chain of custody' . . . [because they] would have confirmed that the vacuum sealed bags were odorless." *See* PCR [1-2] at 39. And though he could have been more precise

5

in the present petition, he did say in Ground Three that his "attorneys failed to pursue" this defense. Pet. [1] at 8.

Looking then to the merits, the Mississippi Supreme Court rejected this claim when Martin presented it. *See* Aug. 29, 2018 Order [1-4] at 1 (denying petition for post-conviction relief). So again, Martin faces a doubly deferential test. As for the question Martin would have asked at trial—whether Wise could smell marijuana in the vacuum-sealed bags—sound strategy would counsel against it because the court had already denied the motion to suppress and an adverse response from Wise—another State witness—would merely bolster Deputy Johns's credibility. *See Taylor v. Maggio*, 727 F.2d 341, 347 (5th Cir. 1984). Accordingly, Martin's ineffective-assistance claim regarding Wise fails.

Finally, as for other exhausted ineffective-assistance claims that Martin clearly presented to Judge Walker, the Court agrees with the R&R under *Strickland* and *Richter*. Martin has not overcome the deference given to state-court determinations and sound trial strategy.

D.      Habitual-Offender Statute

Although Martin asserts that he "objects to all adverse rulings in the Report and Recommendation," Objs. [24] at 28, he does not say why the R&R's habitual-offender ruling was wrong. Federal Rule of Civil Procedure 72 allows parties to "file *specific* written objections to the proposed findings and recommendations." (Emphasis added). Nonetheless, "[w]here a party fails to file specific objections to a magistrate's report and recommendations, the district court reviews the report and recommendations for findings and conclusions that are clearly erroneous or contrary to law." *Husband v. Denmark*, No. 1:10-CV-466-HSO-JMR, 2012 WL 2050250, at *1 (S.D. Miss. June 6, 2012).

The Court agrees with Judge Walker's analysis on the habitual-offender issue. Martin can obtain habeas relief on a legal issue if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law[.]" 28 U.S.C. § 2241(d)(1). The habitual-offender statute is a state law and Martin's petition does not raise any federal statute or constitutional provision that the state-court adjudication violated. *See* Pet. [1] at 7. Thus, Martin cannot obtain habeas relief on this issue.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, the Court finds that the R&R [21] should be adopted as the opinion of the Court. Martin's motion for summary judgment [17] is denied.

Consistent with this Order, Martin's habeas petition [1] is dismissed. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

    **SO ORDERED AND ADJUDGED** this the 19th day of February, 2020.


                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE